# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MACKENZIE COREY BURSE,

    Plaintiff,

  v.                                               Case No. 11-CV-322

PETER ERICKSEN,
WILLIAM POLLARD,
RICK RAEMISCH,
JEANNE DELAIN,
DR. DENNIS MOSHER,
JOHN DOE,
and MICHAEL BAENEN,

    Defendants.

## ORDER

The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**FACTUAL BACKGROUND**

Plaintiff, MACKenzie C. Burse, was incarcerated at the Green Bay Correctional Institution (GBCI) at all times relevant. The defendants are: GBCI Associate Warden Peter Ericksen, GBCI Warden William Pollard, Secretary of the Wisconsin Department of Corrections Rick Raemisch, GBCI Deputy Warden Michael Baenen, GBCI Visiting Coordinator Jeanne Dealin, GBCI Social Service Director Dennis Mosher, and Jane/John Doe.

In his complaint, the plaintiff lists seven "counts," all relating to the same incident. He claims that the defendants violated his rights under the Equal Protection Clause of the Fourteenth

3

Amendment by intentionally treating him differently than other inmates in a spiteful manner with regard to his visitor requests. Specifically, the plaintiff alleges that Delain refused to process the plaintiff's "prospect visitor form"[1] every six months because his prospective visitor was illegally placed on a suspended visiting list by Ericksen. On March 31, 2008, October 6, 2008, June 25, 2009, and September 14, 2010, the plaintiff instructed his prospective visitor Susan Bilka to send defendant Delain a prospective visitor form. However, on January 26, 2010, defendant Delain told the plaintiff she had not processed the plaintiff's forms because Ms. Bilka had been placed on a suspended visiting list.

Ms. Bilka was a former prison staff member who, in 2005, smuggled the plaintiff contraband at the New Lisbon Correction Institution. On March 31, 2008, defendant Ericksen placed her on the suspended visiting list. On September 21, 2009 and February 26, 2010, defendant Erickson reviewed the decision to place Ms. Bilka on the suspended visiting list and both times decided to keep her name on the list. On January 24, 2010, the plaintiff notified defendant Mosher of defendant Delain's refusal and requested Mosher to investigate the situation, though nothing was done. The plaintiff then proceeded through the inmate complaint appeal process, whereby defendants Pollard and Raemisch learned of the situation but did not take any action.

The plaintiff claims that defendant Delain illegally refused to process his prospective visitor form, while other prisoners were allowed to petition the warden for visitation privileges every six months according to Wisconsin Department of Corrections Internal Management Procedure (309 IMP 39B(3)). He also claims that defendant Ericksen illegally placed and kept Ms. Bilka on the

---

[1] The plaintiff refers in his complaint to a "prospect visitor form" (Doc-21AA form). The court will assume the plaintiff means "prospective" visitor form, and will refer to the document as such for the remainder of the order.

4

suspended visiting list. He further contends that defendants Mosher, Pollard, and Raemisch's inaction and failure to remedy the situation made them party to Delain and Ericksen's illegal conduct. Therefore, the plaintiff argues that the entire process was conducted in an illegal matter, spitefully and in violation of his rights under the Equal Protection Clause. The plaintiff seeks declaratory and injunctive relief, as well as $3,300,019 in punitive and nominal damages.

## ANALYSIS

The Equal Protection Clause of the Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. An equal protection violations occurs when state actors draw distinctions among people based on a person's membership in a "suspect" class. *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). Suspect classes include race, alienage and national origin. *Vision Church v. Will. of Long Grove*, 468 F.3d 975, 1000 (7th Cir. 2006). In order to pass muster under the Equal Protection Clause, the government's justification must satisfy the strict scrutiny test. *Id.* "To establish a prima facia case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). If no suspect class exists, the standard of review is rational basis. *Id.* at 1000-01. Rational basis review requires the plaintiff to prove that:

> (1) the defendant intentionally treated him differently from others similarly situated, (2) the defendant intentionally treated him differently because of his membership in the class to which he belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest.

*Smith v. City of Chicago*, 457 F.3d 643, 650-51 (7th Cir. 2006).

Indigent prisoners are not a suspect class. *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998); *see also Rivera v. Allin*, 144 F.3d 719, 727 (7th Cir. 1998). Therefore, in order to prevail on an equal protection claim, an inmate must prove: 1) that similarly situated inmates have been treated differently by the government; and 2) that there is no rational relation between the dissimilar treatment and any legitimate penal interest. *United States v. Jester*, 139 F.3d 1168, 1171 (7th Cir. 1998) (inmate asserting equal protection claim must show that no facts may reasonably be conceived to justify disputed classification). *See also* 34 Geo. L.J. ANN. REV. CRIM. PROC. 951 (2005).

Here, the plaintiff alleges that he was treated differently than similarly situated inmates. For instance, he alleges that other inmates were allowed to petition the warden for visitation privileges every six months. However, even if the plaintiff was treated differently than other inmates, prison officials had a legitimate penal interest in doing so: indeed, the plaintiff admits that his potential visitor had been suspended for smuggling contraband to him in prison. Moreover, even if prison officials violated internal management procedure, a violation of state laws, regulations, or procedures is not a proper basis for a federal civil rights suit. *See, e.g., Guajardo-Palma v. Martinson*, No. 10-1726, 2010 WL 3619782, at *5 (7th Cit. Sept. 20, 2010). Thus, the plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

## ORDER

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) **for failure to state a claim**.

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed **for failure to state a claim** under 28 U.S.C. §1915A(b)(1).

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 13th day of October 2011.

s/ *Nancy Joseph*
Nancy Joseph
United States Magistrate Judge