UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MACKENZIE COREY BURSE,

    Plaintiff,

    v.     Case No. 11-cv-0322

PETER ERICKSEN, WILLIAM POLLARD,
RICK RAEMISCH, JEANNE DELAIN,
DR. DENNIS MOSHER, MICHAEL BAENEN,
and JOHN DOE,

    Defendants.

# ORDER

In an Order entered October 13, 2011, the court dismissed the plaintiff's complaint for failure to state a claim. Judgment was entered the same day. Now before the court are: (1) the plaintiff's objection to the order; (2) the plaintiff's motion for reconsideration to alter or amend judgment; and (3) the plaintiff's motion to amend complaint.

On October 26, 2011, the plaintiff filed a document called an objection to the magistrate judge's order, based on Federal Rule of Civil Procedure 72(b)(2). This was docketed as a motion for reconsideration, but it will be denied. The arguments set forth in the plaintiff's objection are restated in the subsequently filed motion for reconsideration or motion to alter judgment and will be considered as part of that motion. Moreover, Rule 72 does not apply to this case, where the court screened the plaintiff's complaint after the plaintiff consented to the jurisdiction of the magistrate judge.

The plaintiff subsequently filed a motion for reconsideration to alter or amend judgment pursuant to Rule 59(e), contending that the court made several manifest errors of law in its

screening order. First, the plaintiff asserts that the court cannot conclude that there was a legitimate penological interest at screening. Second, the plaintiff maintains that a violation of state law can be a basis for a federal civil rights suit. Third, the plaintiff argues that the court did not address the plaintiff's equal protection claim against defendant Ericksen.

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Despite the plaintiff's arguments, the court did not make any manifest error of law in its October 13, 2011, Order. The court considered both the refusal to process the plaintiff's prospective visitor form (by Delain) and the placement of the plaintiff's prospective visitor on a suspended visiting list (by Ericksen) and concluded that neither of those actions formed the basis for a "class of one" equal protection claim. The court determined that even if the plaintiff had been treated differently than other inmates, the plaintiff's admission that his potential visitor had smuggled contraband to him in prison constituted a legitimate penological interest for the disparate treatment.

The plaintiff does not believe that the court can consider the legitimate penological interest for treating the plaintiff and his visitor differently at screening. He cites *Lindell v. Frank*, 277 F.3d

655, 658 (7th Cir.2004), for the proposition that district courts may not assume when screening a complaint that prison officials' justification for a restriction is legitimate or that it is reasonably related to that justification. In *Lindell*, though, the plaintiff did not concede that there was an applicable prison policy. *See id.* Here, however, the plaintiff concedes in his complaint that his prospective visitor (Susan Bilka) was a former prison staff member who brought plaintiff contraband in another institution in 2005. (Compl. at 5.)

The plaintiff's prospective visitor also filed a complaint under § 1983 regarding her inability to visit the plaintiff. Her case also was dismissed at screening, and that dismissal was affirmed by the Seventh Circuit in *Bilka v. Farrey*, No. 11-C-430 (7th Cir. Nov. 22, 2011). In that case, the Seventh Circuit noted that even if Bilka had a right to visit the plaintiff in prisoner, "it could be reasonably restricted to serve the legitimate penological concerns of the prison, just as administrators may restrict other constitutional rights in the prison context. The prison has a legitimate interest in maintaining security, and prohibiting contact between prisoners and former employees who have smuggled contraband to those prisoners rationally furthers that interest." *Id.* (Citations omitted.) The Seventh Circuit afforded substantial deference to the prison's professional judgment. *Id.* The same reasoning applies here.

Additionally, while it is true that a state law violation can in some circumstances be the basis for a federal civil rights claim, a violation of a state law is not automatically a constitutional deprivation. Although one or more of the defendants may have violated a state law, regulation, or internal management procedure with regard to the plaintiff's prospective visitor, the plaintiff has not stated a claim that they violated his constitutional rights. The plaintiff's motion for reconsideration will be denied.

This case has been resolved, the complaint dismissed for failure to state a claim, and judgment entered. The court will not entertain a motion to amend under Rule 15 in a closed case. Accordingly, the plaintiff's motion to amend complaint also will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's's objection to magistrate judge's order (Docket #6) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's's motion for reconsideration to alter or amend judgment pursuant to Rule 59(e) (Docket #7) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's's motion to amend complaint pursuant to Rule 15 (Docket #9) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of December, 2011.

BY THE COURT:

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge